IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)    GINA YVETTE SCRUGGS,<br><br>                     Plaintiff,<br>v.<br><br>(1)    STATE OF OKLAHOMA, *EX REL*<br>THE BOARD OF REGENTS OF THE<br>UNIVERSITY OF OKLAHOMA; UNIVERSITY<br>OF OKLAHOMA; UNIVERSITY OF OKLAHOMA<br>HEALTH SCIENCES CENTER; OU HEALTH; OU<br>HEALTH REVENUE CYCLE DEPT.<br><br>                     Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No: CIV-24-933-J<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, the Plaintiff, Gina Yvette Scruggs ("Plaintiff") by and through counsel of record, Cynthia Rowe D'Antonio, of Green Johnson Mumina and D'Antonio, and brings her Complaint and Claims For Relief against Defendant, State of Oklahoma, *et rel.*, Board Of Regents of University of Oklahoma ("University of Oklahoma"), *et. al*, for violations of: **(1)** Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), *et seq.*) based on race (African American); **(2)** Status-based race discrimination contrary to 42 U.S.C. §1981; **(3)** 29 U.S.C.§ 2601 for Family Medical Leave Act ("FMLA") retaliation; **(4)** acts in violation of Oklahoma Public Policy Protection For Internal Reporting By Whistleblowers; and **(5)** Discrimination based on Disability and Plaintiff's request for reasonable accommodations.

1

## PARTIES

1. Plaintiff, Gina Yvette Scruggs, is an African-American female, and at all material times was a resident of the State of Oklahoma and Oklahoma County. Plaintiff is a member of a protected class for purposes of her claims asserted herein.

2. Defendant: University of Oklahoma, OU Health Sciences Center, OU Health, and OU Health Revenue Cycle Department are part of a comprehensive university hospital operating under the jurisdiction of the Board of Regents of The University of Oklahoma (the Board of Regents). At all relevant times the Defendant has operated within the State of Oklahoma and the Western District of the State of Oklahoma.

3. Defendant employs the requisite number of employees and is considered an "employer" for purposes of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), *et seq*.). Plaintiff was an employee for the OU Health Revenue Cycle Department from October 18, 2021 through November 6, 2023 when she was terminated.

## JURISDICTION AND VENUE

4. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343; and supplemental jurisdiction of state law claims pursuant to 28 U.S.C.§ 1367(b).

5. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391. The Defendant is a resident of the State in which this district is located and

all or a substantial part of the events or omissions giving rise to the claims being asserted occurred in the Western District of Oklahoma.

6. Plaintiff filed her Charge of Discrimination with the Oklahoma Attorney General's Office, Office of CR Enforcement, whereby an investigation ensued. Thereafter, the agency mailed Plaintiff her Right to Sue letter on or about June 11, 2024, entitling her to institute a civil action in the appropriate forum within ninety (90) days of the date of receipt of said notice. This action was initiated within the said ninety (90) days. Plaintiff has timely and properly exhausted her administrative remedies.

## ALLEGATIONS AND FACTS

7. Plaintiff, Gina Yvette Scruggs, is an African American female.

8. Plaintiff was hired by Defendant on October 18, 2021 as a Billing Specialist for OU Medical Revenue Cycle Department. She was later transferred to the position of Coding/Billing Specialist. In November 2022, Plaintiff brought to the attention of management that she had grave concerns regarding the manner in which the billing/coding of the Influenza vaccine was being reported. However, Management ignored Plaintiff's concerns. In February 2023, Plaintiff began to work remotely, at which time her Physician prepared documentation that would allow Plaintiff to have "10-minute" breaks every (1-2) hours in order to alleviate Arthritic flare-ups. When Plaintiff submitted the accommodation request to her Director, Jennifer Loflin ("Loflin"), Loflin responded that the accommodation was *"too much time"* and denied Plaintiff's reasonable accommodation request.

9.  Shortly thereafter, Plaintiff's supervisor, Melissa Boost, and her Director, Jennifer Loflin, began to treat her in a disparate manner. For example, each of them would remind her on occasion that she was "*not a good fit*" for her employment with Defendant.

10. It was not until in May 2023, that Plaintiff realized what her supervisor meant by the statement that Plaintiff " was not a good fit". That is, Plaintiff personally witnessed her supervisor, Melissa Boost, at a grocery store wearing a jacket that boldly stated "THIS IS FOR THEM, THAT ARE NOT WITH US." Also, the words were followed with a picture of a **Hanging Noose**!

11. In early November 2023, Plaintiff re-urged her concerns about the manner in which the billing/coding of the Influenza vaccine was being reported. The improper coding negatively impacted the cost of the Influenza vaccine and could be considered fraudulent, if not corrected. Further, based on the employee handbook that Plaintiff was provided by Defendant, she was obligated to report such compliance issues. As a matter of fact, the handbook specifically states that "*compliance is everyone's responsibility*". Plaintiff relied on this mandate as her obligation as an employee to report the matter.

12. On November 3, 2023, Plaintiff was allowed to take FMLA time off. On November 6, 2023, just days later, Plaintiff returned from FMLA and was terminated by Defendant under the guise of "*low productivity.*" Defendant later told the Oklahoma Employment Security Commission ("OESC") a different reason for Plaintiff's termination, constituting proof of Defendant's pretext for unlawful termination.

13. At all material times, Plaintiff was an employee in good standing. Plaintiff's Performance Evaluation for the period of September 28, 2023 through October 15, 2023

was satisfactory, which serves as additional proof of Defendant's pretext for discrimination.

## [COUNT ONE]
## [Title VII-Race Discrimination]

14. Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through thirteen (13) as if fully restated herein, and further alleges and states:

15. Defendant, by and through its agents, unlawfully discriminated against Plaintiff because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

16. Defendant treated similarly-situated non-African American employees more favorably in terms, privileges and conditions of their employment that Plaintiff was so treated.

17. While employed by Defendant, Plaintiff was subjected to different terms and conditions of employment and discriminated against because of her race. Such adverse actions included, but were not limited to, unjustified reprimands, unequal discipline, an unjust termination, and being treated unequally as compared to similarly situated Caucasian ("White") employees.

18. Shortly before her unlawful termination, Plaintiff maintained Satisfactory performance evaluations. Noticeably, the Defendant is not worthy of belief and the stated reasons for Plaintiff's treatment and termination are mere pretext for discrimination.

19. Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages including, without limitation: back pay, front pay, loss

of wages, compensatory damages, punitive damages, reimbursement of benefit losses, re-employment to her position, loss of leave benefits, and attorney fees and costs. Plaintiff sustained damages and injuries in an amount in excess of $75,000.00, the actual amount to be determined at trial.

**[COUNT TWO ]**
**[Violation of 42 U.S.C. §1981]**

20.　For her Second Cause of Action, Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through nineteen (19) as if fully restated herein, and further alleges and states:

21.　42 U.S.C. §1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

22.　Plaintiff is Black/African American, and therefore a member of a protected class. Defendant knew of Plaintiff's protected class.

23.　Defendant intended to discriminate against Plaintiff based on her Race of Black/African American. This is evident by Plaintiff's supervisor, Melissa Boost's, outward distain for African American people, which she boldly broadcasted on the outside of her personal jacket.

24. The unlawful termination by the Defendant impaired the existing at-will employment contract between Plaintiff and Defendant, therefore Defendant is liable for Plaintiff's damages.

25. During her employment, Plaintiff was subjected to different terms and conditions of employment and discriminated against because of her Race (Black/African American) by Defendant and agents of Defendant. Such adverse actions included, but were not limited to: unjustified reprimands, unequal discipline, and the unlawful termination of her employment.

26. Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages. Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for violations of 42 U.S.C. §1981, including without limitation, back pay, front pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendants for such unlawful conduct.

## [COUNT THREE]
## Family Medical Leave Act ("FMLA") Retaliation)

27. For her Third Cause of Action, Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through twenty-six (26) as if fully restated herein, and further alleges and states:

28. In order to establish a *prima facie* case of retaliation, Plaintiff must show that (1) [s]he engaged in protected activity, (2) the employer took action that a reasonable employee would have found materially adverse; and (3) there is a causal connection between the protected activity and the adverse action. *McGowan v. City of Eufala,* 472

F.3d 736, 741 (10th Cir. 2006); *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006).

29. Plaintiff engaged in protected activity when she utilized FMLA benefits on November 3, 2023.

30. Defendant took an adverse action, termination, against Plaintiff just three (3) days after she exercised her rights to FMLA.

31. The close proximity of time between Plaintiff's FMLA leave and her unlawful termination, share a causal connection. Further, the circumstances and facts as stated above, combined with the proximity between Plaintiff's exercise of benefits and Defendant's actions, are further proof of causation.

32. Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages. Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for violations of 29 U.S.C. §2617(a), including without limitation: front pay, back pay, liquidated damages, emotional distress, and attorney fees and costs.

## [COUNT FOUR]
### Disability Discrimination ("ADAAA")

33. For her Fourth Cause of Action, Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through thirty two (32) as if fully restated herein, and further alleges and states:

34. To maintain a claim for wrongful discharge under the ADAAA, a plaintiff must demonstrate (1) that she is a disabled person within the meaning of the ADAAA; (2)

that she is able to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer terminated her because of her disability. *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1173 (10th Cir. 1996) (*citing White v. York Int'l Corp.*, 45 F.3d 357, 360-61(10th Cir.1995).

35. Plaintiff suffered from a disability of acute Arthritis. Defendant was well aware of Plaintiff's disability.

36. In approximately February 2023, Plaintiff's Physician submitted a written accommodation for Plaintiff that would allow for her to have a 10-minute break every every (1-2) hours in order to alleviate Arthritic flare-ups. Plaintiff was able to perform the essential functions of her job with or without the reasonable accommodation.

37. However, when Plaintiff submitted the accommodation request to her Director, Jennifer Loflin ("Loflin"), Loflin responded that the accommodation was "*too much time*" and denied Plaintiff's reasonable accommodation request.

38. Plaintiff was denied reasonable accommodations for her Arthritis flareups.

39. Plaintiff was terminated based on her disability.

### [COUNT FIVE]
### Oklahoma Public Policy-Protection of the Internal Reporting By Whistleblowers

40. Plaintiff incorporates each and every allegation found in numerical paragraphs one (1) through thirty-nine (39) above as if fully restated herein, and further states as follows:

41. Defendant's actions in terminating Plaintiff were a violation of Oklahoma's public policy which prohibits wrongful termination and retaliation against a whistle-blower for performing an act consistent with a clear and compelling public policy.

42. Plaintiff reported improper coding of the Influenza vaccine on two separate occasions. The improper coding effected the cost analysis and could have been seen as a form of fraudulent behavior by the State of Oklahoma. Therefore, Plaintiff's reporting of the issue was necessary and a public policy concern.

43. As a result, Plaintiff was terminated.

44. Due to Defendant's actions, Plaintiff has suffered damages, including emotional stress.

45. Defendant's termination of Plaintiff was performed with reckless indifference to Oklahoma public policy.

46. As a direct and proximate result of such actions by Defendant, Plaintiff has been deprived of income in the form of wages and prospective retirement benefits.

**WHEREFORE**, Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages including, without limitation: back pay, front pay, loss of wages, compensatory damages, punitive damages, reimbursement of benefit losses, re-employment to his position, loss of leave benefits, and attorney fees and costs. Plaintiff sustained damages and injuries in an amount in excess of $75,000.00, the actual amount to be proven at trial.

**RESPECTFULLY SUBMITTED this 9th day of September, 2024.**

JURY TRIAL REQUESTED
ATTORNEY LIEN CLAIMED

                Respectfully submitted,

                s/Cynthia Rowe D'Antonio
                Cynthia Rowe D'Antonio  OBA#19652
                GREEN JOHNSON MUMINA& D'ANTONIO
                4101 Perimeter Center Drive, Suite 110
                Oklahoma City, Oklahoma 73112
                Telephone:   (405) 488-3800
                Facsimile:   (405) 488-3802
                Email: cynthia@gjmlawyers.com
                **ATTORNEY FOR PLAINTIFF**
                **GINA YVETTE SCRUGGS**