UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GINA YVETTE SCRUGGS, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-24-933-J ) |
| STATE OF OKLAHOMA, *ex rel.*, THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, et al., | ) ) ) ) ) |
|       Defendants. | ) |

**ORDER**

Currently pending is Defendant Board of Regents of the University of Oklahoma's motion to dismiss. (Def.'s Mot.) [Doc. No. 7].[1] Plaintiff has responded (Pl.'s Resp.) [Doc. No. 10] and the matter is now at issue. After careful consideration, Defendant's motion to dismiss is GRANTED.

**I.    Standard for Review**

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1) and (6). Defendant's Rule 12(b)(1) defense is both facial and factual.[2] For the facial attack, the Court applies "a standard patterned on Rule 12(b)(6) and assume[s] the truthfulness of the facts alleged." *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019). For the factual attack, the

---

[1] In her caption, Plaintiff lists (1) the Board of Regents of the University of Oklahoma, (2) the University of Oklahoma, (3) the University of Oklahoma Health Sciences Center, (4) OU Health, and (5) OU Health Revenue Cycle Dept. (Compl.) [Doc. No. 1]. However, she refers to these entities as a singular "Defendant." *Id.* at 1-2. Defendant moves to dismiss as though it is the only Defendant and Plaintiff does not challenge that characterization.

[2] A facial attack challenges the Complaint's sufficiency rather than the facts alleged within. *See Paper, Allied-Indus., Chem. And Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Conversely, a factual attack goes beyond the allegations in the Complaint and challenges the facts upon which subject matter jurisdiction depends. *See id.*

Court "has wide discretion to allow documentary and even testimonial evidence." *Paper*, 428 F.3d at 1292 (10th Cir. 2005).

Under Rule 12(b)(6), the Court considers whether the factual allegations in the Complaint, taken as true, "state a claim to relief that is plausible on its face." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (cleaned up). For this review, the Court must construe the allegations in the light most favorable to Plaintiff. *See Buckley Constr., Inc. v. Shawnee Civil and Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

**II.     Analysis**

    **A.     Count One**

In Count One, Plaintiff alleges racial discrimination under Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color . . .." 42 U.S.C. § 2000e-2(a)(1). Plaintiff may establish discrimination with direct proof of discriminatory intent (e.g., oral or written statements showing discriminatory motivation) or with circumstantial evidence under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000). Under the *McDonnell* framework, Plaintiff bears the initial burden of establishing a prima facie case of

discrimination and must sufficiently allege that (1) she belongs to a protected class; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *See Cheatham v. Mayorkas*, No. CIV-21-339-F, 2021 WL 5985176, at *2 (W.D. Okla. Dec. 16, 2021).

Defendant seeks dismissal on grounds that Plaintiff's allegations are too conclusory to state a plausible Title VII claim, and the Court agrees.

Taking her factual allegations as true, Plaintiff is an African American who began working for Defendant in October 2021. *See* Compl. at 3. Plaintiff was occasionally told that she was not a "good fit" and in May 2023, she observed her supervisor at a grocery store wearing a jacket that read "THIS IS FOR THEM, THAT ARE NOT WITH US" accompanied by a hanging noose. *Id.* at 4. Plaintiff was terminated in November 2023. *Id.*

Plaintiff further alleges that Defendant treated non-African American employees "more favorably in terms, privileges and conditions of their employment" and she was subjected to "different terms and conditions of employment . . . because of her race" including "unjustified reprimands, unequal disciple, and unjust termination . . . ." *Id.* at 5.

Looking first for any allegation supporting direct evidence of discrimination, the Court finds that Plaintiff's allegation regarding her supervisor's jacket, as it currently stands, does not state a plausible claim for relief. "[E]vidence is direct only if it proves the existence of a fact in issue without inference or presumption." *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1213 (10th Cir. 2022) (cleaned up). Finding that the jacket's language had racists implications *and* that it showed discriminatory motivation would require both inference and presumption.

Turning to indirect evidence of racial discrimination, Plaintiff's allegation relating to the jacket also fails to state a valid claim for relief. She offers little to no context to explain why she

3

believes the jacket's language was racially charged and she allegedly observed her supervisor wearing the jacket outside of work and approximately five months before she was terminated. Similarly, Plaintiff's allegations relating to other employees are conclusory. She fails to articulate whether the other employees worked with the same supervisor, what favorable privileges and conditions they enjoyed, whether they were subject to the same standards governing performance evaluation and discipline, if they engaged in comparably serious infractions, etc. *See Nguyen v. DeJoy*, No. CIV-22-1102-D, 2024 WL 1018546, at *4 (W.D. Okla. Mar. 8, 2024) (finding that the plaintiff's allegations, which failed to identify specific ways that other employees were similarly situated *and* treated more favorably based on their race "failed to connect defendant's [actions] . . . to discriminatory animus based on [the plaintiff's] race").

In sum, the Court finds that Plaintiff's allegations, taken as true, fail to plausibly state a valid claim for racial discrimination under Title VII and Count One is DISMISSED without prejudice.

B.   **Counts Two, Three, and Four**

In its facial attack on Counts Two, Three, and Four, Defendant argues that it enjoys Eleventh Amendment immunity. *See* Def.'s Mot. at 3-7. In her Response, Plaintiff "concedes to the dismissal of Count Two, Count Three, and Count Four" on this ground. Pl.'s Resp. at 2. These claims are therefore DISMISSED without prejudice.

C.   **Count Five**

Finally, in a factual attack, Defendant seeks dismissal of Plaintiff's state law claim on grounds that she failed to comply with the notice requirements of the Oklahoma Governmental Tort Claims Act (OGTCA).  *See* Def.'s Mot. at 9-11.

The OGTCA "provides the exclusive remedy for an injured plaintiff to recover against [an Oklahoma] governmental entity in tort."  *Higginbottom v. Mid-Del Sch. Dist.*, No. CIV-15-1091-D, 2016 WL 951691, at *3 (W.D. Okla. Mar. 9, 2016).  To begin, a plaintiff must first give notice to "the state or political subdivision."  Okla. Stat. tit. 51, § 156(A) (cleaned up).  And when suing a university, this notice must be written and "filed with the Office of the Risk Management Administrator of the Office of Management and Enterprise Services."  *Id.*, § 156(C); *see also* § 152(13) (stating that an Oklahoma university is considered "the state" under the OGTCA).  This notice is "a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages," and must "be completed prior to the filing of any pleadings."  *Neal v. Sheriff of Canadian County, et al.*, No. CIV-24-643-PRW, 2025 WL 561420, at *10 (W.D. Okla. Feb. 20, 2025) (cleaned up).  Additionally, notice to "the state" must be made "within one (1) year of the date the loss occurs" or "shall be forever barred."  Okla. Stat. tit. 51, § 156(A).

Defendant presents an affidavit from Janet Morrow, Director of Risk, Assessment and Compliance Division, Office of Management and Enterprise Services averring that "no tort claim has been filed by or on behalf of Gina Yvette Scruggs, in any form or from any source with the Oklahoma State Risk Management Department[.]"  Def.'s Mot., Ex. 1.  In response, Plaintiff offers proof of service.  *See* Pl.'s Resp., Ex. 1-5.  But as Defendant argues, Plaintiff used the title "Office of Risk Management and Administrator Office of Management and Enterprise Services" but she

*mailed* the notice to the University of Oklahoma[3] – not the Office of Risk Management. *Id.*, Ex. 1. This is insufficient. *See, e.g., Pendergraft v. Bd. of Regents of Oklahoma Colleges*, No. CV-18-793-D, 2019 WL 3806639, at *5 (W.D. Okla. Aug. 13, 2019) ("Proper notice" is specified in the [O]GTCA as submission of a claim in writing to the Office of Risk Management, of which Plaintiff presents no evidence."); *Martinez v. Sellers*, No. CIV-23-102-RAW-GLJ, 2024 WL 3572966, at *7 (E.D. Okla. May 29, 2024) ("strict compliance with the notice requirements of the OGTCA is mandatory"), *adopted*, 2024 WL 3569181 (E.D. Okla. July 29, 2024).

Moreover, even if Plaintiff's notice had been sent to the proper authority, her claim would still be barred because she filed her Complaint on September 9, 2024, approximately fifty-days *before* she mailed her claim to Defendant on October 29, 2024. *See* Pl.'s Resp., Ex. 2. "[W]hen a [OGTCA] lawsuit [is] filed before the expiration of the 90-day review period, the lawsuit [is] invalid and subject to dismissal." *Theron v. Canadian Cnty. ex rel. Bd. of Cnty. Commissioners*, No. CIV-23-1176-G, 2024 WL 4332796, at *7 (W.D. Okla. Sept. 26, 2024) (cleaned up).

For these reasons, Plaintiff's Count Five is DISMISSED without prejudice.

### III.  Plaintiff's Request for Leave to Amend

Plaintiff seeks permission to file an amended complaint to cure any errors. *See* Pl.'s Resp. at 6-7. If Plaintiff wishes to amend, she may file the appropriate motion, in accordance with Fed. R. Civ. P. 15(a)(2) and LCvR 15.1 no later than March 27, 2025.

---

[3] The Court takes judicial notice that the address Plaintiff mailed her claim to, "660 Parrington Oval, Norman, Oklahoma 73019," is the address for the University of Oklahoma.

**IV.     Conclusion**

Based on the foregoing, the Court GRANTS Defendant's motion to dismiss [Doc. No. 7] and DISMISSES the Complaint without prejudice.  If Plaintiff does not seek leave to amend by March 27, 2025, a separate judgment will enter.

IT IS SO ORDERED this 6th day of March, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE