IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GINA YVETTE SCRUGGS,            )
                                )
                  Plaintiff,    )
vs.                             )
                                ) CASE NO.: CIV-24-933-J
                                )
O.U. MEDICINE, INC., doing business )
as O.U. HEALTH,                 )
                                )
                  Defendant.    )

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: July 3, 2025

Appearing for Plaintiff:

    Cynthia Rowe D' Antonio, OBA# 19652
    Green Johnson Mumina & D'Antonio
    4101 Perimeter Center Drive, Suite 110
    Oklahoma City, OK 73112
    405-488-3800: Telephone
    405-488-3802: Facsimile
    Email: cynthia@gjmlawyers.com

Appearing for Defendant:

    Courtney Warmington, OBA #18486
    Emma J. Payne, OBA #32849
    Fuller Tubb Bickford Warmington & Panach, PLLC
    201 Robert S. Kerr Ave., Suite 1000
    Oklahoma City OK 73102
    Email: cwarmington@fullertubb.com
    Email: emma.payne@fullertubb.com
    Telephone: 405-235-2575

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    a.    <u>Plaintiff</u>: Plaintiff, Gina Yvette Scruggs, is an African American female, who was hired by Defendant O.U. Medicine, Inc., on October 18, 2021, as a Billing Specialist for OU Medical Revenue Cycle Department. She was later transferred to the position of Coding/Billing Specialist. During her employment as a Coding/Billing Specialist, Plaintiff was treated differently than other non-African American/Black employees that were similarly situated. For example, although Plaintiff's Performance Evaluation for the period of September 28, 2023 through October 15, 2023 was satisfactory, she was terminated under the guise of low productivity, on November 6, 2023. Further, other employees, similarly situated as Plaintiff, but non-African American/Black, were not terminated or subjected to discipline, although they too lacked productivity. These non-African American/Black employees were subjected to the same performance standards as was Plaintiff, and clearly engaged in the same work performance issues as Plaintiff, but were allowed to remain employed, absent any disciplinary consequences. Additionally, Plaintiff was deprived of equivalent training and training materials that other Non-African American/Black Coding/Billing Specialists enjoyed.

    After its pretextual termination of Plaintiff, Defendant reported to the Oklahoma Employment Securities Commission ("OESC") that its reason for termination was based on Plaintiff "abusing time." Not only was the reason fabricated, but it was also inconsistent with the reason given to Plaintiff by Defendant's agents.

    b.    <u>Defendant</u>:

    Defendant adamantly denies all of the Plaintiff's allegations of wrongdoing. On or around October of 2021, Plaintiff was hired as a Senior Patient Account Representative by OU Medicine, Inc., d/b/a OU Health ("OU Health"). After struggling in that role, Plaintiff was moved to a different coding position in an attempt to find a better fit for her skill set and interest (although she retained the same title).

    After a few months in the new role, her new supervisor continued noting the coding errors that Plaintiff was making which were impeding Plaintiff's productivity and the team's workflow. On or around May 18, 2022, Plaintiff was put on her first of three Performance Improvement Plans ("PIPs") for unsatisfactory performance. After continuing to struggle in the role, Plaintiff was placed on a second PIP on or around October 21, 2022, again for unsatisfactory performance of basic job duties. Then, on

2

November 8, 2022, Plaintiff was placed on another PIP that continued through early 2023. Although Plaintiff continued to struggle in the role, it was ultimately falsification of her timecard that led to Plaintiff's termination on November 6, 2023.

2. **JURISDICTION**. Jurisdiction is based on 28 U.S.C. § 1331.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

    a. Jurisdiction is proper in this Court.
    b. Venue is proper in this Court.
    c. Plaintiff is an African American female.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.  Plaintiff: Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages including, without limitation: back pay, front pay, loss of wages, compensatory damages, punitive damages, reimbursement of benefit losses, re-employment to her position, loss of leave benefits, and attorney fees and costs. Plaintiff sustained damages and injuries in an amount in excess of $75,000.00, the actual amount to be determined at trial.

    b.  Defendant OU Medicine, Inc., d/b/a OU Health:

    1. To the extent the plaintiff has failed to mitigate damages, any recoverable damages must be limited accordingly.

    2. All actions taken toward the plaintiff were for legitimate, non-discriminatory business reasons having nothing to do with race, or any other category protected by law.

    3. Defendant acted in good faith and has not engaged in any conduct sufficient to justify an award of punitive damages.

    4. To the extent the claims or requests for relief in this case exceed the scope of the Charge of Discrimination submitted to the EEOC, they are barred by a failure to exhaust administrative remedies.

    5. To the extent Plaintiff's claims are based upon conduct allegedly occurring prior to the applicable statute of limitations, such claims are time-barred.

    6.    To the extent Plaintiff declined to utilize all remediation efforts offered by OU Health, and to the extent such remediation efforts would have reduced any damages Plaintiff now seeks, OU Health is not liable for such damages.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE.**
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
    ☐ Yes **X No**

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

There are no motions current pending.

O.U. Medicine, Inc. d/b/a OU Health anticipates filing a Motion for Summary Judgment and Motions in Limine, in accordance with the Court's scheduling order.

The parties anticipate filing a joint motion for protective order, governing the confidentiality of information during discovery, if the same becomes necessary.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☐ Yes   **X No**

If "no," by what date will they be made? July 3, 2025.

8. **PLAN FOR DISCOVERY**.

    A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on June 19, 2025, at 1 p.m.

    B.    The parties anticipate that discovery should be completed within **6** months.

    C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? N/A.

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        **X** Yes ☐ No

E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        **X** Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The parties anticipate filing a joint motion for protective order and will submit an agreed order to the court, governing the confidentiality of information during discovery, if the same becomes necessary.

F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

None.

9.    **ESTIMATED TRIAL TIME**: 3-4 days.

10.    **BIFURCATION REQUESTED**: ☐ Yes **X** No

11.    **POSSIBILITY OF SETTLEMENT**:    ☐ Good    **X** Fair    ☐ Poor

12.    **SETTLEMENT AND ADR PROCEDURES**:

A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  **X** Yes    ☐ No

B.    The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference

☐ Other _____
X None - the parties do not request ADR at this time but if the issue arises, will notify the court.

13. <u>Parties consent to trial by Magistrate Judge?</u>  ☐ Yes   X No

14. <u>Type of Scheduling Order Requested.</u> X Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 23rd day of June, 2025.

/s/Cynthia Rowe D'Antonio
Cynthia Rowe D' Antonio, OBA# 19652
Green Johnson Mumina & D'Antonio
4101 Perimeter Center Drive, Suite 110
Oklahoma City, OK 73112
405-488-3800: Telephone
405-488-3802: Facsimile
Email: cynthia@gjmlawyers.com
Counsel for Plaintiff


/s/ Courtney Warmington
Courtney Warmington, OBA #18486
Emma J. Payne, OBA #32849
Fuller Tubb Bickford Warmington & Panach, PLLC
201 Robert S. Kerr Ave., Suite 1000
Oklahoma City OK 73102
Email: cwarmington@fullertubb.com
Email: emma.payne@fullertubb.com
Telephone: 405-235-2575
Counsel for Defendant OU Medicine, Inc., d/b/a OU Health